# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**SKYLER LEE OLSON**,

    Petitioner,

v.

**ELLEN ROSENBLUM**,

    Respondent.

Case No. 2:18-cv-299-SU

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation in this case on April 3, 2018. ECF 8. Judge Sullivan recommended that the Court dismiss Petitioner's Petitioner for Writ of Habeas Corpus (ECF 1) be denied on the grounds that Petitioner has failed to exhaust his state-court remedies.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Petitioner timely objected to Judge Sullivan's Findings and Recommendation. ECF 10, 11, 13. The Court has reviewed *de novo* Judge Sullivan's Findings and Recommendation, and Petitioner's objections. Petitioner asks, in his objections to the Findings and Recommendation, that his motion for appointment of counsel (ECF 3) be granted. The Court notes that Judge Sullivan reserved ruling on Petitioner's motion for appointment of counsel pending Petitioner's response to Judge Sullivan's order to show cause (ECF 5). Judge Sullivan did not specifically address Petitioner's motion for appointment of counsel in her Findings and Recommendation.

Petitioner argues that he is entitled to counsel under the Sixth Amendment to the United States Constitution. The pending case, however, is a civil case, rather than a criminal case, although it relates to Petitioner's criminal conviction. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Here, the Court concludes that Petitioner has little

likelihood of success on the merits at this stage, because he has failed to exhaust his state-court remedies. As such Petitioner's motion for appointment of counsel (ECF 3) is denied.

The Court **ADOPTS** Judge Sullivan's Findings and Recommendation, ECF 8. The Court further denies Petitioner's motion for appointment of counsel, ECF 3. Petitioner's Petition for Writ of Habeas Corpus (ECF 1) is dismissed without prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 1st day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge